# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LIWLIWA CABERTO,<br><br>    Plaintiff<br><br>v.<br><br>STATE OF NEVADA ex rel. its DEPARTMENT OF HEALTH AND HUMAN SERVICES, PUBLIC AND BEHAVIORAL HEALTH,<br><br>    Defendant | Case No.: 2:18-cv-01034-APG-CWH<br><br>**Order (1) Denying Motion to Dismiss and (2) Granting Motion to Amend**<br><br>[ECF Nos. 6, 16] |

Plaintiff Liwliwa Caberto sues her employer, the State of Nevada's Department of Health and Human Services, alleging violations of the Americans with Disabilities Act (ADA) and Nevada State law. The State moves to dismiss the complaint for failure to state claims upon which relief can be granted. Caberto opposes that motion and also moves to amend her complaint to add a claim for violation of the Family and Medical Leave Act (FMLA).

## I.  BACKGROUND[1]

Caberto alleges that she suffered an injury while employed by Nevada's Department of Health and Human Services at the Southern Nevada Adult Mental Health Services Hospital (SNAMHS) in May 2015. After returning from related FMLA leave in December, Caberto started being harassed and was intimidated into accepting a voluntary demotion in March 2016. But even in her new position, Caberto felt intimidated and threatened by her superiors. In June 2017, Caberto was reassigned to a different floor of the hospital. A month later, Caberto and the hospital agreed on reasonable accommodations for her disability, including assistance with

---

[1] These facts come from the complaint's factual allegations, which I accept as true at this stage.

lifting, minimal bending and squatting, and an ergonomic computer mouse and chair for computer work. After multiple requests over the next five months, the hospital finally provided her with the ergonomic chair they had agreed to give her.

Starting in January 2018, Caberto was "floated" to different units on different floors every day, despite the policy for the least senior employee to float between departments. She was told that she would not get another chair for these different units and would have to move her chair between floors of the hospital as needed. Caberto believes this was intended to harass her.

After filing a charge of discrimination with the Nevada Equal Rights Commission, Caberto sued the State, alleging two causes of action: disability discrimination in violation of the ADA and disability discrimination in violation of Nevada Revised Statutes § 613.330.

## II. ANALYSIS

### A. The State's Motion to Dismiss

The State moves to dismiss Caberto's claims because (1) Caberto did not properly exhaust the issue of her voluntary demotion on March 28, 2016, (2) the ADA does not authorize lawsuits for money damages against governmental agencies and Caberto does not request specific injunctive relief, and (3) Caberto fails to state a claim under Nevada Revised Statutes § 613.330.

#### 1. Motion to Dismiss Standard

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief."[2] While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the

---

[2] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

2

elements of a cause of action."[3] The complaint must set forth coherently "who is being sued, for what relief, and on what theory, with enough detail to guide discovery."[4] "Factual allegations must be enough to rise above the speculative level."[5] To survive a motion to dismiss, a complaint must "contain[] enough facts to state a claim to relief that is plausible on its face."[6]

District courts must apply a two-step approach when considering motions to dismiss.[7] First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor.[8] Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations.[9] Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.[10]

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.[11] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[12] Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is

---

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[4] *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995).
[5] *Twombly*, 550 U.S. at 555.
[6] *Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted).
[7] *Id.* at 679.
[8] *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247–48 (9th Cir. 2013).
[9] *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248.
[10] *Iqbal*, 556 U.S. at 678.
[11] *Id.* at 679.
[12] *Id.* at 663.

entitled to relief."[13] If the claims do not cross the line from conceivable to plausible, the complaint must be dismissed.[14] "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[15]

### 2. Exhaustion of Caberto's Claims

The State first argues that Caberto's NERC charge of discrimination does not mention her voluntary demotion in March 2016. Thus, Caberto cannot seek reinstatement or back pay based on the voluntary demotion because she did not exhaust her administrative remedies as required before bringing an ADA discrimination claim.

To bring a claim under Title I of the ADA, a plaintiff must first exhaust her administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission.[16] The charge of discrimination Caberto filed mentions only that she was reassigned and was denied a reasonable accommodation for her disability. Caberto therefore did not exhaust the issue of her voluntary demotion. But it appears that her ADA claim is not based on her voluntary demotion and is instead focused on the events described in her NERC charge: the reassignment after she was demoted and subsequent alleged failure to accommodate. And as Caberto clarifies in her response, she is seeking reinstatement to the job she had before she was reassigned, to another floor, not the job she had before the voluntary demotion. I therefore deny the State's motion to dismiss on this basis.

---

[13] *Id.* at 679 (internal quotation marks and citation omitted).

[14] *Twombly*, 550 U.S. at 570.

[15] *Iqbal*, 556 U.S. at 679.

[16] *Stiefel v. Bechtel Corp.*, 624 F.3d 1240, 1243–44 (9th Cir. 2010) (noting that the ADA adopted procedures in Title VII of the Civil Rights Act of 1964 that require employees to file an EEOC charge before suing in federal court). Filing with the NERC satisfies this requirement.

4

### 3. Injunctive Relief

The State next argues that Caberto cannot sue a governmental agency for money damages under the ADA, and her requested injunctive relief is not specific enough to overcome this procedural barrier. Caberto responds that she specifically requests an order requiring her employer to accommodate her disability and to reinstate her to the position she was in before being reassigned.

Title I of the ADA does not authorize suits against governmental agencies for money damages.[17] But, "Title I of the ADA still prescribes standards applicable to the States. Those standards can be enforced . . . by private individuals in actions for injunctive relief under *Ex Parte Young* . . . ."[18] Caberto's complaint requests injunctive relief in the form of an "[o]rder granting or restoring to Plaintiff the rights to which she is entitled."[19] Reading the complaint as a whole, this appears to be a request for an injunction reinstating her to the position she held before she was reassigned and ordering her employer to accommodate her disability. Because Caberto has requested injunctive relief, I deny the State's motion to dismiss on this basis.[20]

### 4. Violation of Nevada Revised Statutes § 613.330

Finally, the State argues that Caberto's allegations of violations of Nevada Revised Statutes § 613.330 fail to state a claim for disability discrimination. It asserts that Caberto only asks that her accommodation be honored without harassment, which is not clear enough to meet the pleading standard in Federal Rule of Civil Procedure 8. Caberto responds that her complaint

---

[17] *Bd. of Trs. Of Univ. of Alabama v. Garrett*, 531 U.S. 356, 374 (2001).

[18] *Id.* at 374 n.9 (citing *Ex Parte Young*, 209, U.S. 123 (1908)).

[19] ECF No. 1 at 8.

[20] I also note that this argument is essentially moot because, as noted below, Caberto omits her request for back pay in her proposed amended complaint.

details her required accommodations (i.e., help with lifting, minimal bending and squatting, and an ergonomic mouse and chair) and the reasonable inference to be drawn is that moving a chair between floors of a hospital would require bending or lifting, which violates her accommodations.

Nevada Revised Statutes § 613.330 prohibits discrimination based on disability in the employment context.[21] A claim for disability discrimination under this statute is evaluated under the same standard as a federal ADA claim.[22] Discrimination "includes an employer's 'not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified . . . employee, unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of [its] business.'"[23]

Caberto's complaint sufficiently states a claim for failure-to-accommodate discrimination. Caberto alleges that she and her employer agreed on specific accommodations but she was denied those accommodations. She alleges that she was not provided an ergonomic chair for five months and that, once she had the chair, she had to move it between floors despite needing help with lifting. These allegations are enough to state a claim for disability discrimination under Nevada Revised Statutes § 613.330. I therefore deny the State's motion to dismiss on this basis.

////

////

---

[21] Nev. Rev. Stat. § 613.330.

[22] *Littlefield v. Nevada, ex rel. Dep't of Public Safety*, 195 F. Supp. 3d 1147, 1152 (D. Nev. 2016) ("Nevada courts apply the ADA approach to plaintiff's state law claims.").

[23] *US EEOC v. UPS Supply Chain Solutions*, 620 F.3d 1103, 1110 (9th Cir. 2010) (internal quotations and citations omitted).

### B. Caberto's Motion to Amend

While the State's motion to dismiss was pending, Caberto filed a motion to amend her complaint to allege two additional causes of action for interference and retaliation in violation of the Family and Medical Leave Act (FMLA).[24] She alleges that the discrimination she suffered began after she took FMLA leave and the disability discrimination may be further retaliation for exercising her right to take that leave. The State opposes this motion, arguing that amendment would be futile and that, even if it were not, Caberto does not otherwise demonstrate why I should grant leave to amend.

Rule 15(a)(2) of the Federal Rules of Civil Procedure directs that "[t]he court should freely give leave when justice so requires," but leave to amend may be denied if the proposed amendment is futile.[25] In determining whether to grant leave to amend, district courts consider five factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint.[26] "Futility alone can justify the denial of a motion to amend."[27]

The State first argues that the proposed amendment would be futile because public employees cannot sue their employers for FMLA violations if the employee's claims are for self-care. It asserts that because Caberto's claims are for her own injuries, they are barred. Caberto concedes that FMLA claims for self-care are barred, but only those that request monetary damages. She argues that she is requesting only injunctive relief, as shown by her proposed amended complaint, which removes her request for back pay entirely.

---

[24] ECF No. 16.

[25] *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

[26] *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted).

[27] *Id.* (citation omitted).

Public employees may not sue their employers for money damages for FMLA violations if the employee's FMLA claims are for self-care.[28] At this point, Caberto is requesting only prospective injunctive relief in the form of an order reinstating her to her pre-reassignment position and requiring her employer to accommodate her disability. Her proposed amended complaint omits her request for back pay and asks only for injunctive relief. This claim is not barred and is not futile.

The other Rule 15(a)(2) factors weigh in Caberto's favor as well. Caberto moved to amend before the deadline to amend and before discovery has concluded. She has not requested to amend before, and there is no evidence of bad faith (nor does the State argue that there was). There will be minimal, if any, prejudice to the State if her claims are added. The parties have not begun discovery, and Caberto's FMLA claims arise out of the same conduct as her disability-discrimination claims.

The State's only argument about prejudice relates to futility of amendment—it argues that devoting resources to defending an ultimately futile claim is prejudicial. But Caberto's proposed FMLA claims are not futile. She states plausible claims for interference and retaliation under the FMLA. Caberto's interference claim alleges that she is an eligible employee under the FMLA, she is entitled to FMLA leave, the defendant is an employer under the FMLA, that she has requested and been denied her right to use FMLA leave "multiple times from June 2016 to September 2018," and that she has suffered damages as a result.[29] This states a plausible claim for FMLA interference.

---

[28] *Coleman v. Maryland Court of Appeals*, 566 U.S. 30, 43–43 (2012).

[29] ECF No. 18-1 at ¶¶ 80–87.

8

To prevail on an FMLA retaliation claim, an employee must show that she was punished for opposing employer practices made unlawful by the FMLA.[30] Caberto's FMLA retaliation claim alleges that, after starting administrative proceedings against the defendant about the alleged interference with her using FMLA leave, she was subjected to a series of harassing and discriminatory actions.[31] Despite the State's argument that no timeline is given, Caberto details the dates of each allegedly discriminatory action throughout her complaint and incorporates those allegations into her FMLA claims.[32] Caberto states a plausible claim for FMLA retaliation so her proposed amendment is not futile.

The State has failed to show why Caberto should not be granted leave to amend her complaint. I therefore grant Caberto's motion to amend her complaint to add the FMLA claims in ECF No. 18-1.

## III. CONCLUSION

IT IS THEREFORE ORDERED that defendant the State of Nevada's motion to dismiss **[ECF No. 6] is DENIED.**

IT IS FURTHER ORDERED that plaintiff Liwliwa Caberto's motion to amend **[ECF No. 16] is GRANTED.** Caberto shall file and serve her amended complaint as required by Local Rule 15-1(b) by April 5, 2019.

DATED this 19th day of March, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[30] *Xin Lui v. Amway Corp*, 347 F.3d 1125, 1137 (9th Cir. 2003).
[31] ECF No. 18-1 at ¶ 90.
[32] *See id.* at ¶¶ 78, 89.